# O. M. WOOD

*v.*

# RAMON VALDES.

San Juan, Law, No. 530.

1. One on a train, whether traveling on a pass given him for a consideration, or with a ticket, or intending to pay his fare to the conductor, is a passenger.

2. In estimating damages for personal injury, the jury may consider pain and suffering, medical attendance, loss of time, past, present, and future, and of salary.

3. The front trucks of defendant's car ran on one track, but the rear trucks were switched over on another, injuring plaintiff, who was a passenger. Held: Negligence.

Case tried May 13, 1908.

Wood v. Valdes.

*Messrs. Sweet, Rossy, & Campillo*, attorneys for plaintiff.

*Mr. T. D. Mott, Jr.*, attorney for defendant.

Instructions by RODEY, Judge:

### Statement.

Plaintiff got upon defendant's train, intending to make a journey thereon as a passenger. There was evidence tending to show that, for some time previous, plaintiff was possessed of an annual pass on the railroad, given him for some consideration moving between the parties, but he testified that, for some time previous to the trip in question, he had not used it, and that he intended to pay his fare on that day.

Before the conductor had come around to him, or had collected any fare from him, the train was well in motion, and the accident occurred. The car on which plaintiff was riding was passing a switch. Its front trucks went by the switch on the main line, but, in some manner, a man handling the switch lever threw it open so as to catch the hind truck of the car as it came along. This resulted in jolting or derailing the car, and in throwing plaintiff violently forward to the end of it, where he injured his hand against the side of the door in an effort to save himself from falling. There was some little evidence that plaintiff was not injured at all on the car, but that, when he got down on the track and away from the car, he carelessly tripped against the ties or rails and received a severe fall, from which, it was claimed, his injury really occurred. This he denied. The remaining facts may be gathered from the instructions.

Wood v. Valdes.

RODEY, Judge, omitting the formal parts, gave the following charge and instructions to the jury:

The plaintiff in this case claims $5,000 damages for the injury to his hand, about which the testimony has been introduced. That does not mean that you are obliged to give him that on the evidence, but it means that it is a limit beyond which you cannot go in your verdict, for it is all that he claims.

There is evidence tending to show that he was a passenger on the defendants train, and a man can be a passenger just as well with a pass given him by the owner of the road as if he had paid his fare; and it is not necessary that he should have bought a ticket or actually have paid the conductor; if he is there on the train, intending to be a passenger, the law regards him as a passenger. He might be a passenger even in the station, before he got on the train, if he was there intending to take it. If you believe he was a passenger, then the owner of this train owed him a duty to take reasonable care of him.

The only way defendant can be relieved from liability in this case is in the event the plaintiff himself is guilty of contributory negligence. If there is no evidence in this case, or if the preponderance of the evidence does not show that this plaintiff contributed to the injury, then, if he has been injured by the negligence of the defendant, which you must believe from a preponderance of the evidence, you must find for the plaintiff.

The damages that you are allowed to find are what are known in law as compensatory damages, to compensate the plaintiff for what he has suffered. Such damages may include pay for any pain or suffering, pay for medical attendance and for loss of time or loss of salary, if any has been proven before you, and for loss of any time that, in the future, he may have to undergo

because of his injury, if you believe that he is injured so that he will lose any time in the future.

You have no right to give one cent of this defendant's money to this plaintiff unless this plaintiff was injured by the negligence of the defendant; but, if you believe, from a preponderance of the evidence, as stated, that the car was derailed and plaintiff was thrown against the door, as testified to, and that he injured his hand in the way indicated, and that it really cost him this money to be treated and cured, then it is your duty, provided you further find that the plaintiff in no manner contributed to the injury, to find for him, and fix his damages at whatever sum you believe to be just and reasonable within the amount claimed.

If you believe that this plaintiff's hand was not in fact injured at all, you must find for the defendant. If you believe that the plaintiff was injured through the negligence of the defendant or his agents, and that the plaintiff himself was not guilty of contributory negligence, then you must, at all events, find for him, and assess his damages at whatever sum you believe to be just and reasonable on the evidence within the amount claimed. And if you believe that the plaintiff was so injured through the negligence of the defendant, but that his hand is now entirely healed, and that he is feigning,—and you must believe this from a preponderance of the evidence,—then you can give him nothing for the future. All of these views you must settle for yourselves by a preponderance of the evidence.

If you should believe, from a preponderance of the evidence, that the injury in fact occurred on the ground, after he left the car, and after all connection with the car on his part had ceased, then that is a case of negligence on his own part, with which defendant had nothing to do, and he cannot recover.

Wood v. Valdes.

The burden is on the plaintiff to show his right to recover by a preponderance of the evidence; and, to defeat the recovery, after that is done, defendant must show contributory negligence on the part of the plaintiff.

Verdict for the plaintiff for $1,000.